UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL L. OVERTON, et al.,<br>Plaintiff(s),<br>v.<br>NEW RAIDERS OWNERS, et al.,<br>Defendant(s). | Case No. 17-cv-06917-CRB (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff, a state prisoner currently in the custody of the California Department of State Hospitals at Atascadero, has filed a pro se complaint under 42 U.S.C. § 1983 seeking to enjoin the owners of the Oakland Raiders from moving their football team to Las Vegas, Nevada. Plaintiff also seeks to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915, which based solely on his affidavit of poverty, the court grants in an accompanying order.

**DISCUSSION**

A.  Standard of Review

Federal courts "shall dismiss" an action brought IFP under § 1915 at any time if the court determines that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B. <u>Legal Claims</u>

Plaintiff's action must be dismissed under the authority of § 1915(e)(2) because it does not satisfy both elements of a § 1983 claim. First, the owners of the Oakland Raiders are not state actors; they are private individuals whose conduct is not covered by § 1983. <u>See</u> <u>Gomez v. Toledo</u>, 446 U.S. 635, 640 (1980); <u>Van Ort v. Estate of Stanewich</u>, 92 F.3d 831, 835 (9th Cir. 1996). Second, plaintiff does not allege an actionable § 1983 violation of a right secured by the Constitution or federal law. <u>See</u> <u>West</u>, 487 U.S. at 48.

Plaintiff also lacks standing to bring this action on behalf of Oakland residents and/or the Oakland Raiders Organization, as he purports to do, and based on no more than a generalized grievance. <u>See</u> <u>Estate of McKinney v. United States</u>, 71 F.3d 779, 782 n.4 (9th Cir. 1995) (prudential limitations on standing require that plaintiff (1) assert his own rights, rather than rely on the rights or interests of third parties; (2) allege an injury that is more than a generalized grievance; and (3) allege an interest that is arguably within the zone of interests protected or regulated by the statute or constitutional guarantee in question).

**CONCLUSION**

For the foregoing reasons, the action is DISMISSED under § 1915(e)(2) for failure to state a claim on which relief may be granted.

**IT IS SO ORDERED**.

Dated: January 22, 2018

_____
CHARLES R. BREYER
United States District Judge